O'HAGAN MEYER LLP
VINCENT R. FISHER (SBN 276334)
Vfisher@ohaganmeyer.com
ELENO NUNEZ GONZALEZ (SBN 332555)
Egonzalez@ohaganmeyer.com
One Embarcadero Center, Suite 2100
San Francisco, California 94111
Tel.: 415.578.6900
Fax: 415.578.6910

Attorneys for Defendants,
OLSON REMCHO LLP, CONNIE BERGSTROM,
EMILY A. ANDREWS, and MICHELLE WIXOM

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE ALVAREZ, and all those similarly situated,<br><br>            Plaintiff,<br>    v.<br><br>OLSON REMCHO LLP, a California limited liability partnership; CONNIE BERGSTROM, an individual; EMILY A. ANDREWS, an individual; MICHELLE WIXOM, an individual; and DOES 1 through 20, inclusive,<br><br>            Defendants. | Case No.: 25CV110706<br><br>[Sacramento County Superior Court Case No. 25CV002559]<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br><br><br><br><br><br><br>Complaint Filed: January 30, 2025 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF JOSE ALVAREZ, AND HIS ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441(a), and 1446 Defendants OLSON REMCHO LLP, CONNIE BERGSTROM, EMILY A. ANDREWS, and MICHELLE WIXOM ("Defendants"), by and through their attorneys of record, hereby remove the above-entitled action to this Court from the Superior Court of California for the County of Sacramento.  The defendants' removal of this action is proper for the reasons set forth below:

///

///

///

I. **PROCEDURAL HISTORY**

1. On January 30, 2025, Plaintiff JOSE ALVAREZ ("Plaintiff") commenced an action against Defendants in the Superior Court of the State of California for the County of Sacramento. (Declaration of Eleno Nunez Gonzalez ("Gonzalez Decl.") at ¶ 2).

*2.* Plaintiff brings his Complaint on his own and on behalf of a purported collective and class consisting of Defendants' current and former employees, and he asserts alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et. seq.*, and several California Labor Codes. The causes of actions pleaded are: (1) failure to pay meal period premiums, (2) failure to pay rest period premiums, (3) failure to pay minimum wage in violation of the California Labor Code, (4) failure to pay all wages at termination of employment, (5) failure to furnish accurate wage statements, (6) failure to failure to pay minimum wage in violation of the FLSA, (7) failure to pay overtime in violation of the FLSA, and (8) breach of contract. Gonzalez Decl. at ¶ 3.

3. On March 12, 2025, Plaintiff caused the Summons, Complaint, Alternative Dispute Resolution (ADR) package, Civil Case Cover Sheet, and Notice of Case Assignment & Case Management Conference to be served on Defendants OLSON REMCHO, EMILY A. ANDREWS, and CONNIE BERGSTROM, via substituted service. Plaintiff mailed copies of the aforementioned documents to Defendants on March 12, 2025. Pursuant to Cal. Code of Civ. Proc. § 415.20(a), service was deemed effective on March 22, 2025. Gonzalez Decl. at ¶ 4.

4. On March 12, 2025, Plaintiff caused the Summons, Complaint, Alternative Dispute Resolution (ADR) package, Civil Case Cover Sheet, and Notice of Case Assignment & Case Management Conference to be served on Defendant MICHELLE WIXOM via personal service. Gonzalez Decl. at ¶ 5.

5. On April 9, 2025, Defendants answered Plaintiff's Complaint. Gonzalez Decl. at ¶ 6

6. The Summons, Complaint, Alternative Dispute Resolution (ADR) package, Civil Case Cover Sheet, Minute Order regarding Complex Determination, Notice of Case Assignment & Case Management Conference, and proofs of service constitute all of the documents that have been filed in this action with the Superior Court which are provided herewith in accordance with 28 U.S.C. § 1446(a). Gonzalez Decl. at ¶ 7, **Exhibit A**.

## II. BASIS FOR REMOVAL

7. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This action is removable pursuant to 28 U.S.C. § 1441(a) because this Court has federal question and supplemental jurisdiction over this matter.

## III. FEDERAL QUESTION JURISDICTION

8. This Court has original jurisdiction over this action because it presents a federal question.

9. 28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

10. Plaintiff alleges in his Complaint that Defendants violated the FLSA (29 U.S.C. §§ 206 and 207, in particular) by failing to pay Plaintiff and the purported collective minimum and overtime wages, and he seeks for payment for those allegedly unpaid wages as well as liquidated damages pursuant to 29 U.S.C. § 216(b). Gonzalez Decl. at ¶ 7, See also **Exhibit A**, Plaintiff's Complaint at ¶¶ 10, 18, 32, and 33.

11. Accordingly, because Plaintiff has invoked a federal statute (the FLSA) that requires interpretation and application of federal law, this Court has federal question jurisdiction under 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. §§ 1441(a) and 1441(c).

## IV. SUPPLEMENTAL JURISDICTION

12. This Court has supplemental jurisdiction over Plaintiff's causes of action arising out of state law.

13. When a district court has original jurisdiction over a civil action pursuant to 28 U.S.C. § 1331, the district court may also exercise concurrent jurisdiction of state law claims that "form part of the same case or controversy" as the federal law claims. 28 U.S.C. § 1367(a) see also *Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 955 (9th Cir. 2004) (claims are within the supplemental jurisdiction of the Court if they "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding").

14. The Supreme Court has held that supplemental jurisdiction exists when "state and federal claims . . . derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). The Court went on to state that supplemental jurisdiction is appropriate if "considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues." *Id*.

15. Each of Plaintiff's claims arises out of a common nucleus of operative fact.

16. The FLSA claims (the sixth and seventh causes of action) are founded on allegations that Defendants failed to pay for all hours worked, such as by allegedly requiring collective members to work during meal periods and generally engaging collective members to work off-the-clock. (Plaintiff's Complaint ("Cmplt.") at ¶¶ 15(a), (c); 32, 33). Plaintiff believes the violations were "willful," (Cmplt. at ¶ 16), and for that reason seeks to apply a three-year lookback period for his FLSA claim, (Cmplt. at ¶ 18); *see generally,* 29 U.S.C. § 255(a) (identifying two years as the default limitations period "except that a cause of action arising out of a willful [FLSA] violation may be commenced within three years after the cause of action accrued.").

17. The portions of the Complaint constituting the factual underpinnings of the FLSA claims also serve as the factual predicates for Plaintiff's California Labor Code class action claims for unpaid wages, meal period violations, waiting time penalties, and wage statement violations. *See* Cmplt. at ¶ 15(a) (describing alleged practice of requiring employees to work through meal periods); Cmplt. at ¶ 15(c) (alleging that Defendants engaged employees to work off-the-clock); Cmplt. at ¶¶ 15(d), 16 (alleging failure to maintain accurate time records); Cmplt. at ¶ 20 (a), (c), and (d) (alleging California sub-classes for meal period, wage statement, and waiting time penalties, respectively); Cmplt. at ¶ 23 (a), (c)–(f) (based on the foregoing, describing alleged common questions for class certification); Cmplt. at ¶ 27 (asserting a California class meal period claim and claiming that employees "were not provided with legally compliant meal periods as a general rule"); Cmplt. at ¶ 29 (citing alleged off-the-clock work as the predicate for the California class minimum wage claim); Cmplt. at ¶ 30 (pointing to alleged unpaid wages as the reason why employees separated without all wages having been paid, thus supporting the California class waiting time penalty claim); Cmplt. at

¶ 31 (pleading a California class wage statement claim, in part on the allegation that Defendants did not include all hours worked on wage statements); and Cmplt. at "Count No. 8" (undesignated paragraph) (describing a California breach of contract claim premised on allegations that Defendants failed to pay all wages, premiums, and penalties). These State law claims challenge the same policies that are challenged via the FLSA claim and that are at the center of the FLSA claim, namely, company-wide policies regarding work hours, breaks, and time recording that involved unlawful requirements for employees to work off-the-clock. Just as with the FLSA claims, the State law claims arise out of the same purported employment relationship of Plaintiff and the purported class by Defendants.

18.     Likewise, Plaintiff's second cause of action (California Labor Code rest period class claim), is intertwined with the claims organized as FLSA violations at least because the California class rest period claims arise out of the same purported employment relationship of Plaintiff and the purported class by Defendants. More specifically, however, Plaintiff's complaint alleges that Defendants "maintained systemic practices" that included policies of denying rest periods on the same footing as policies that required employees to perform off-the-clock work, which is a predicate for the FLSA claims. *See* Cmplt. at ¶¶ 15 (describing several alleged "maintained systemic policies); *see also*, Cmplt. at ¶¶ 17–18 (contending that the California class "were subjected to the same unlawful employment practices" and that "[a]ll members of the class are members of a coextensive FLSA collective," including for statute of limitations purposes, which is alleged as "identical due to the willful nature" of supposed violations federal and State law); Cmplt. ¶ 4 (alleging that Defendant Bergstrom "create[ed] and enforce[ed] [] company-wide policies regarding work hours, breaks, and time recording" without distinction between meal and rest periods and claiming that she "ma[de] determinations about compensating off-the-clock work."); Cmplt. ¶ 5 (alleging that Defendant Wixom "creat[ed] and enforce[d] of meal and rest break policies" and that she allegedly issued "strict rules for meal periods, breaks, and overtime" while also requiring employees to perform unpaid work); Cmplt. ¶ 6 (alleging that Defendant Andrews was "involve[d] in decisions regarding compensable time [] and [had the] power to determine employee schedules and working conditions" and that she "exercise[ed] authority over employee schedules and attendance requirements."); Cmplt. ¶ 8 (arguing that all Defendants acted jointly with one another, including arguing that they are altering

egos of one another).

19. Based on these allegations, the State law claims are so interrelated with the federal claims that they "would ordinarily be expected to [be tried] all in one judicial proceeding," which demonstrates that supplemental jurisdiction over those claims is appropriate. *United Mine Workers*, 383 U.S. 715 at 725.

20. Because the Court has jurisdiction over both the federal law and state law claims in Plaintiffs Complaint, the entire case may properly be removed to federal court. 28 U.S.C. § 1441(c).

## V. VENUE

21. The United States District Court for the Eastern District of California is the appropriate court to which this action should be removed pursuant to 28 U.S.C. §§ 1441, 1446(a); 1391(b)(1) & (2); and 84(c)(2). This Action originally was filed in the Superior Court of the State of California, County of Sacramento, therefore, pursuant to 28 U.S.C. § 1441(a) it must be removed to the Eastern District of this Court because it is the district embracing the place where the action is pending.

## VI. CONSENT TO REMOVAL

22. The undersigned counsel represents that all named Defendants in this matter consent to and seek removal of this action to this Court in accordance with *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) (concluding that "the filing of a notice of removal can be effective without individual consent documents on behalf of each defendant. One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient").

## VII. TIMELINESS OF REMOVAL

23. On March 12, 2025, Plaintiff caused the Summons, Complaint, Alternative Dispute Resolution (ADR) package, Civil Case Cover Sheet, and Notice of Case Assignment & Case Management Conference to be served on Defendants Olson Remcho, Emily A. Andrews, and Connie Bergstrom, via substituted service. Plaintiff mailed copies of the aforementioned documents to Defendants on March 12, 2025. Pursuant to Cal. Code Civ. Proc. § 415.20(a), service was effective on March 22, 2025. Gonzalez Decl. at ¶ 4.

///

24. On March 12, 2025, Plaintiff caused the Summons, Complaint, Alternative Dispute Resolution (ADR) package, Civil Case Cover Sheet, and Notice of Case Assignment & Case Management Conference to be served on Defendant Michelle Wixom via personal service. Gonzalez Decl. at ¶ 5.

25. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it was filed within 30 days of the earliest date on which the Defendant Michelle Wixom was first served with a copy of the initial pleadings in the above captioned matter. Gonzalez Decl. at ¶¶ 4, 5, and 7 see also **Exhibit A**.

VIII. **NOTICE TO PLAINTIFF AND STATE COURT**

26. Pursuant to 28 U.S.C § 1446(d), a copy of this Notice of Removal will promptly be served upon Plaintiff, and a copy is being filed with the clerk of the Superior Court of the State of California for the County of Sacramento.

IX. **CONCLUSION**

27. Defendants respectfully remove this action from the Superior Court of the State of California for the County of Sacramento to this Court. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' right to assert any defense available under state or federal law.

Dated: April 10, 2025                              **O'HAGAN MEYER LLP**

*[signature]*
VINCENT FISHER
ELENO NUNEZ GONZALEZ
Attorneys for Defendant,
OLSON REMCHO LLP, CONNIE BERGSTROM, EMILY A. ANDREWS, and MICHELLE WIXOM

7
DEFENDANTS' NOTICE OF REMOVAL

**CALIFORNIA STATE COURT PROOF OF SERVICE**
*Jose Alvarez v. Olson Remcho LLP, et al.*
Sacramento Superior Court, Case No. 25CV002559

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to this action. My business address is One Embarcadero Street, Suite 2100, San Francisco, CA 94111.

On April 10th, 2025, I served true copies of the following document(s):

**DEFENDANTS' NOTICE OF REMOVAL**

I served the documents on the following people at the following addresses (including fax numbers and e-mail addresses, if applicable):

| Joshua Watson<br>Anna Figueroa<br>Delia Prado<br><br>**ARNOLD LAW FIRM**<br>865 Howe Ave Ste 300<br>Sacramento, CA 95825-3919 | Attorneys for Plaintiff<br>Jose Alvarez<br><br>Emails: jwatson@justice4you.com,<br>anna@justice4you.com,<br>delia@justice4you.com |
|---|---|

The documents were served by the following means:

☒ **(BY E-MAIL OR ELECTRONIC TRANSMISSION)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent from e-mail address sadly@ohaganmeyer.com to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 10th, 2025, at San Francisco, California.



Sandra Adly